IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICAH ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-566-MHT-CSC ) (WO) |
| THOMAS YOON, *et al.*, | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Micah Anderson, an inmate of the Cook County Department of Corrections in Chicago, Illinois, filed this *pro se* civil action on September 25, 2023. Doc. 1. Anderson's complaint, which is nearly impossible to decipher, refers to his being deprived of access to the courts, to his "workspace estate," and to certain books, records, and data apparently related to biomedical engineering and other branches of engineering.[1] *Id*. at 3–11. He asks for relief in the form of "notes, artificial components, … textbooks, [and] to pick up my deeds and law jurisprudence, … includ[ing] any surety notes and vital records." *Id*. at 11.

Anderson has applied for leave to proceed *in forma pauperis*. Doc. 2.

---

[1] Anderson names Thomas Yoon and LG Electronics Corporation as Defendants. Doc. 1 at 1.

## II.  DISCUSSION

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A review of Anderson's prolific litigation history reflects that, while incarcerated or detained, he has filed far more than three previous civil actions dismissed as frivolous or for failure to state a claim. The court relies on the following cases to find a § 1915(g) violation by Anderson: *Anderson v. Ishrak*, No. 22–CV–0426 (WMW/ECW), 2022 WL 3348175, at *1 (D. Minn. Aug. 12, 2022) (dismissed as frivolous); *Anderson v. PNC Fin. Servs. Grp., Inc.*, No. CV 22–125, 2022 WL 3273268, at *2–3 (W.D. Pa. Aug. 11, 2022) (dismissed as frivolous); *Anderson v. Snap, Inc.*, No. 22–CV–0256–GPC–DEB, 2022 WL 2759089, at *1 (S.D. Cal. July 14, 2022) (dismissed for failure to state a claim); *Anderson v. Exxon Mobile*, No. 3:21–CV–1637–X–BN, 2021 WL 3639750, at *3 (N.D. Tex. July 16, 2021), report and recommendation adopted, No. 3:21–CV–1637–X, 2021 WL 3633879 (N.D. Tex. Aug. 17, 2021) (dismissed as frivolous). *See also, e.g., Anderson v. Dart*, No. 17-cv-2901 (N.D. Ill.) (dismissed for failure to state a claim by order of May 30, 2017); *Anderson v. Greyhound Investigation Unit*, No. 18-cv-0563 (W.D. Mo.) (dismissed for failure to state a claim by order of Aug. 1, 2018); *Anderson v. Leach*, No. 18-cv-0709 (W.D. Mo.) (dismissed for failure to state a claim by order of Oct. 3, 2018); *Anderson v. John Doe #1*, No. 18-cv-0710 (W.D. Mo.) (dismissed for failure to state a claim by order

of Oct. 10, 2018); *Anderson v. Reed*, No. 22-cv-1195 (D.D.C.) (dismissed as frivolous by order of May 6, 2022); *Anderson v. Schwartzman*, No. 22-cv-1199 (D.D.C.) (dismissed as frivolous by order of May 27, 2022); *Anderson v. Clark County Detention Center*, No. 20-cv-1426 (D. Nev.) (dismissed for failure to state a claim by order of June 13, 2022); *Anderson v. Dart*, No. 22-cv-2073 (N.D. Ill.) (dismissed as frivolous by order of June 9, 2022); *Anderson v. Technologies Zoom Corp.*, No. 22-cv-7793 (C.D. Cal.) (dismissed as frivolous or malicious and for failure to state a claim by order of December 2, 2022); *Anderson v. White*, No. 22-cv-5897 (N.D. Ill.) (dismissed as frivolous by order of Dec. 2, 2022); *Anderson v. Williams*, No. 22-cv-6298 (N.D. Ill.) (dismissed as frivolous by order of Dec. 8, 2022); *Anderson v. Cook County Sheriff Office*, No. 22-cv-6327 (N.D. Ill.) (dismissed as frivolous by order of December 8, 2022).

Because Anderson has struck out under § 1915(g) many times over, he may not proceed *in forma pauperis* unless he demonstrates he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013).

Here, Anderson's complaint does not indicate or allege in a specific and intelligible manner that he "is under imminent danger of serious physical injury," as required to meet the imminent danger exception to applying § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999). The court therefore concludes that Anderson's motion for leave to proceed *in forma pauperis* (Doc. 2) is due to be denied and that this case should be

summarily dismissed without prejudice for Anderson's failure to pay the requisite filing and administrative fees upon initiation. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he initiates the suit.").

### III.  CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Anderson (Doc. 2) be DENIED.

2. This case be DISMISSED without prejudice for Anderson's failure to pay the full filing and administrative fees upon initiation.

It is further ORDERED that by **October 12, 2023**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE this 28th day of September 2023.

                                        /s/ Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE